**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Anthony FRANKLIN, Defendant—**
**Appellant.**

**No. 03–50020.**
**D.C. No. CR–01–00511–AHM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided Dec. 15, 2003.

Ronald L. Cheng, Scott M. Garringer, Esq., Erik M. Silber, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Jonathan D. Libby, Deputy FPD, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before B. FLETCHER, FARRIS, and WARDLAW, Circuit Judges.

MEMORANDUM *

Anthony Franklin appeals from the district court's denial of his motion to suppress. Because the factual findings made by the district court are not clearly erroneous, we hold that both the traffic stop and the search of Franklin's vehicle were reasonable under the Fourth Amendment.

Franklin was driving in Los Angeles on May 11, 2001, when two police officers noticed that Franklin's Toyota Celica did not have a rear license plate. The officers pulled onto the road behind Franklin. Franklin quickly changed lanes twice and turned left onto a residential street. The officers asserted that Franklin accelerated on Orchard, and broke the residential speed limit.[1] The officers pulled Franklin over.

The officers ordered Franklin to get out of the car. He refused. The officers eventually physically removed Franklin from the car. The officers then determined that Franklin was on parole[2] and searched Franklin's backpack, which was on the front passenger seat. The officers found a gun and placed Franklin under arrest. The officers did not recall ever checking the back window of the car for a registration sticker, but Franklin asserts that the car was newly purchased and that he had a temporary sticker displayed in lieu of plates, in compliance with California law.

The officers' traffic stop of Franklin was supported by reasonable suspicion because the officers testified that before they pulled him over, Franklin violated the speed limit. *See United States v. Lopez–Soto,* 205 F.3d 1101, 1104–05 (9th Cir.2000) (evidence of traffic violation is sufficient reasonable suspicion to stop a vehicle). Franklin argues that the officers' pulled him over because he did not have a rear license plate, not because he was speeding. However, the Supreme Court in *Whren v. United States,* 517 U.S. 806, 809–10, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), gave "law enforcement officers broad leeway to conduct searches and seizures regardless of whether their subjective intent corresponds to the legal justifications for their actions." *Lopez–Soto,* 205 F.3d at 1105 (9th Cir.2000). The district court found the officers' testimony about Franklin's speeding violation credible. The officers therefore had reasonable suspicion sufficient to make the traffic stop.

The officers' search of Franklin's backpack was also supported by reasonable suspicion. Although Franklin asserts that the officers did not know he was on parole until after one of the officers searched Franklin's backpack, the district court found that the officers checked Franklin's parole status before searching the front seat of Franklin's car. This finding is not clearly erroneous, and therefore the lesser degree of suspicion appropriate for parole searches applies. *See United States v. Knights,* 534 U.S. 112, 121, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001) ("When

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Franklin maintained that he was not driving faster than the speed limit, but the district court credited the officers' testimony that Franklin was speeding.

2. Franklin testified that the officers did not ask whether he was on parole until after they had searched his backpack. However, the district court found that the officers' testimony was credible and that the officers knew Franklin was on parole before they searched the backpack.

an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable.").

At the time that they discovered Franklin was on parole, the officers had reasonable suspicion that he was hiding illegal activity because he: (1) reached for the front seat when the officers initially pulled him over; (2) refused to get out of the car when the officers told him to;[3] and (3) struggled and screamed while the officers forcibly removed him from the car.

The district court's factual findings about the traffic stop and search of Franklin's vehicle support the district court's conclusion that the officers had reasonable suspicion for both the stop and the search. The district court properly denied Franklin's motion to suppress.

AFFIRMED.

---

**3.** Officers can order a driver out of his vehicle as part of a routine traffic stop without particularized suspicion that the driver is danger- ous. *Pennsylvania v. Mimms*, 434 U.S. 106, 108–111, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977).